UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Micheal N.B. Attaway, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Green Dot Corporation, Evolve Bank and ) <br> Trust, JPMorgan Chase Bank, N.A. (a/k/a ) <br> J.P. Morgan Chase Bank), and ) <br> Block, Inc. (a/k/a "Cash App"), ) <br> ) <br> Defendants. ) | No. 24-cv-5774 <br><br> Judge April M. Perry |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Micheal Attaway ("Plaintiff") filed this *pro se* complaint against several financial institutions, including Green Dot Corporation ("Green Dot"), Evolve Bank and Trust ("Evolve"), JPMorgan Chase Bank, N.A. (a/k/a J.P. Morgan Chase Bank) ("Chase"), and Block, Inc. ("Block")[1] (collectively, Defendants). Defendants Block, Chase, and Evolve have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court agrees that the complaint fails to state a claim upon which relief can be granted, those motions are granted.

**BACKGROUND**

The below facts are drawn from the allegations in Plaintiff's complaint, which for the purposes of this motion the Court accepts as true, drawing all reasonable inferences in Plaintiff's favor. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff alleges that he had bank accounts with Defendants and at various points money went missing from his accounts. Doc. 1 at 6. Plaintiff alleges that he did not spend the money, so the transactions must have been fraudulent. *Id*. at 7. He further alleges that he began the dispute process, but Defendants all concluded that Plaintiff had authorized the transactions. *Id*. at 6. Plaintiff alleges "this decision was reached in error." *Id*. In total, Plaintiff pleads that he lost $9,140.50 from his Walmart MoneyCard (managed by Green Dot), $13,374.51 from his Evolve account, $43,806.50 from his Chase account, and over $9,000 from Block. *Id*.

---

[1] Defendant Block, Inc., notes that "Cash App," the defendant named in this action, is one of its products, not a legal entity. The Court will therefore refer to this defendant as Block.

Plaintiff attaches to his complaint eighty pages of bank records. The first set of records appears to be linked to Plaintiff's Walmart MoneyCard. It includes two transaction dispute forms from June 6, 2024, which indicate that the alleged fraudulent transactions occurred between January 2021 and May 2022. *Id*. at 10–32. The second set of records appears to be linked to Plaintiff's Evolve account. Specifically, Plaintiff attaches a bank statement showing transactions in the account from December 2021 through March 2022. *Id*. at 33–37. The third set of records appears to be linked to Plaintiff's Chase account and includes withdrawal slips from May 2022 and bank statements from May 2021 through June 2022. *Id*. at 38–89. With respect to Block, Plaintiff appears to only submit one handwritten page that lists three "cash tag" identifiers and the words "hacked & money gone" and two more account identifiers with the notation "current account." Doc. 1 at 9. There are then two notes that state that one of the current accounts "was opened in June 2024 and is already full of unauthorized transactions" and that one of the old accounts "is full of transactions 100% unauthorized by the owner/plaintiff and plaintiff began the dispute process & was denied the disputes." *Id*.

Plaintiff also claims that he "was locked up from 6-14-2022 up to 6-4-2024 and could not properly dispute the fraudulent transactions when in prison." *Id*. at 8.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint in federal court is expected to plead claims, not facts, and though the claim must be plausible, a plaintiff does not have to provide specific details about how the claim will be proved. *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007). The purpose of this standard is to ensure that a complaint provides defendants with "sufficient notice to enable [them] to begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (pleadings must "give the defendant fair notice of what the claim is and the grounds upon which it rests").

Plaintiff proceeds *pro se,* and "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987) (acknowledging the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration")*.* To liberally construe the pleadings is "to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

## ANALYSIS

### *Evolve's Motion to Dismiss*

Evolve moves to dismiss the complaint, arguing that it is too vague and ambiguous for Evolve to know what is alleged against it. To the extent Evolve is being accused of fraud, it argues that such allegations must be pled with particularity and Plaintiff has not done so. Evolve

further asserts that the complaint must be dismissed because Plaintiff did not allege which laws Evolve violated. Plaintiff has responded to Evolve's motion to dismiss in numerous filings, including docket entries 39, 43, 44, 46, and 49. While many of Evolve's arguments are downright nitpicky (including such gripes such as that the complaint does not contain numbered paragraphs, is disorganized, and is too repetitive to be considered a "short plain statement" under Rule 8(a)(2)), ultimately the Court agrees that Plaintiff's complaint fails to state a claim against Evolve, for the reasons that follow.

Evolve correctly notes that Plaintiff has not provided in the complaint any statutory basis for the relief he requests. *See* Doc. 1 at 3 (alleging federal question jurisdiction but also stating "unknown" as to which federal statutes apply). However, a *pro se* litigant's "complaint need not point to the appropriate statute or law in order to raise a claim for relief." *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). Cognizant of the duty to interpret *pro se* complaints liberally, the Court believes that Plaintiff's complaint is best interpreted as alleging a violation under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 (the "EFTA").[2]

Under the EFTA, if a consumer notifies a financial institution that the consumer believes his account contains an error and the amount of such error, the bank must "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." *Id*. § 1693f(a). Errors include unauthorized electronic fund transfers. *Id*. § 1693f(f)(1). The financial institution can be liable for, among other things, failing to undertake a good faith investigation or unreasonably concluding that no error occurred. *Id*. § 1693f(e). Here, Plaintiff has alleged that he had an account with Evolve and "never once authorized his money to be taken out." Doc. 1 at 7. Plaintiff further alleged that all the withdrawals from his account were fraudulent and that he "informed the banks of this," but they "told him his money was unrecoverable." *Id*. Plaintiff further attached a bank statement showing numerous electronic fund transfers from his Evolve account from December 2021 to March 2022. Doc. 1 at 33–37. On this basis, the Court concludes that Plaintiff has adequately alleged that he believed his bank account contained an error, notified Evolve of that error, and that Evolve performed some type of investigation. However, what Plaintiff has not properly alleged in his complaint is that Evolve violated the EFTA in some way, for example, by failing to provide timely notice of its investigation, performing the investigation in bad faith, or reaching an unreasonable conclusion in its investigation. Without any allegation about what Evolve has done wrong that would constitute some violation of the law, Plaintiff has failed to state a claim. *See, e.g., Walker v. Bank of America*, No. 21-cv-3589, 2024 WL 989391, at *4 (N.D. Ill. Mar. 7, 2024) (dismissing EFTA claims because being "dissatisfied with the substance of [the financial institution's] response" to a report of an error does not state a claim).

---

[2] Plaintiff argues in various pleadings that he intended to raise not only EFTA claims, but also claims for breach of contract, negligence, breach of the implied covenant of good faith and fair dealing, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act. Given the concerns the Court has about Plaintiff's EFTA claims – the only ones that provide this Court with subject matter jurisdiction – this opinion will focus on whether Plaintiff is able to state a claim under the EFTA. If Plaintiff amends his complaint he will have the opportunity to add the state law claims which he did not raise in his original complaint.

Plaintiff has subsequently explained in a separate pleading that Evolve "failed to respond to Plaintiff's dispute." Doc. 43 at 2. If true, this would constitute a violation of the EFTA. However, there are two problems with this allegation. First, it is not in Plaintiff's complaint. Second, the Court notes that Plaintiff has submitted to the Court a lengthy response from Evolve to Plaintiff regarding the dispute. Doc. 46 at 17–19. That response appears to have been sent to Plaintiff within ten days of his complaint. *Compare* Doc. 46 at 6 (dispute filed June 7, 2024), *with* Doc. 46 at 17 (response on June 17, 2024). Given this documentation, the Court does not believe Plaintiff can bring a non-frivolous claim that Evolve failed to respond to Plaintiff's dispute.

It also appears from the face of Plaintiff's complaint that any EFTA claim against Evolve would be time barred. The EFTA requires that a consumer provide timely notice of alleged errors to the financial institution. Specifically, the financial institution's obligation to conduct an investigation is not triggered unless a consumer reports a suspected error within sixty days of having been provided his financial statements. 15 U.S.C. § 1693f(a). Here, the latest of the alleged fraudulent transfers from Plaintiff's Evolve account occurred in March 2022. Based on the facts pled in Plaintiff's complaint, his earliest complaint about those transactions was in June 2024 when he was released from prison, long after the sixty-day time period for reporting had passed.[3] Moreover, the EFTA contains a requirement that suits be brought within one year from the date of the EFTA violation. 15 U.S.C. § 1693m(g). In other words, to the extent Plaintiff is complaining about the transactions themselves, he had one year to bring suit to reclaim that money. *See, e.g.*, *Zarate v. Chase Bank*, 2023 WL 5956334 (E.D.N.Y. Sept. 13, 2023); *Margaretha Natalia Widjaja v. JPMorgan Chase Bank, N.A.*, 2019 WL 8108716 (C.D. Cal. Nov. 19, 2019) (collecting cases). But Plaintiff's lawsuit was filed significantly more than one year after the last complained-of unauthorized electronic withdrawal.

For all of these reasons, the complaint is dismissed as to Defendant Evolve. Plaintiff is given leave to amend his complaint only if he has evidence of unauthorized withdrawals from his Evolve account within the twelve months prior to his complaint being filed or some other non-frivolous basis to argue that Evolve violated federal law.

***Block's Motion to Dismiss***

Block raises similar challenges to those raised by Evolve. Given that Plaintiff does not attach account statements from Block or evidence that he filed any dispute with Block, Plaintiff's claim against Block is even more sparse than that against Evolve. Without any details about the transactions at issue, Block's complaint that it has no idea which transactions are alleged to be in error is well-taken. Plaintiff responds that his failure to identify unauthorized transactions is not his fault, because Block never gave him transaction records. Doc. 39 at 1. If true, this would be its own violation of the EFTA, *see* 15 U.S.C. § 1693d, but it is a different violation than the one Plaintiff has alleged in his complaint. Plaintiff complains about unauthorized transactions from five different Cash App accounts – some of which are old, and some of which are current. To the

---

[3] The Court also notes that, to the extent Plaintiff is arguing that his time in prison should have tolled the sixty-day clock, Plaintiff's prison term did not begin until more than sixty days after the last alleged fraudulent charge from his Evolve account.

extent Plaintiff's claims involve old accounts, they very well may have the timeliness issues discussed above. And while the account opened in June 2024 may not have timeliness issues, Plaintiff does not plead that he notified Block of errors in this account at all. Plaintiff does plead that he "began the dispute process" with one of the non-current accounts and was "denied the disputes," but Plaintiff does not explain when that happened or how Block's investigation violated his legal rights. In a separate pleading, Plaintiff claims that Block failed altogether to investigate the unauthorized transactions, Doc. 39 at 2, which would be a different violation of the EFTA but is of course contradicted by the allegations in the complaint. In short: the Court cannot tell whether Plaintiff is complaining about specific unauthorized transactions, Block's failure to provide Plaintiff with transaction statements, Block's investigation of the errors, or Block's failure to investigate Plaintiff's report of an error. Until Plaintiff makes it clear what Plaintiff believes Block has done wrong that would constitute some violation of the law, Plaintiff has failed to state a claim. *See, e.g., Walker v. Bank of America*, 21-cv-3589, 2024 WL 989391, at *4 (N.D. Ill. Mar. 7, 2024) (dismissing EFTA claims because being "dissatisfied with the substance of [the financial institution's] response" does not state a claim).

For the above reasons, the complaint is dismissed as to Defendant Block. Plaintiff is given leave to amend his complaint only if he has evidence of unauthorized withdrawals from his CashApp accounts within the twelve months prior to his complaint being filed or some other non-frivolous basis to argue that Block violated federal law.

### *Chase's Motion to Dismiss*

Chase also moves to dismiss the complaint, alleging that all of the records submitted by Plaintiff relating to Chase are from May 2021 to May 2022, and therefore any EFTA claim is time barred. The Court agrees, for the reasons discussed above. The Court also notes that to the extent Plaintiff's handwritten withdrawal slips indicate that he is challenging withdrawals made via a bank employee, the EFTA does not apply to such transactions. *See* 15 U.S.C. § 1693a(7) (defining "electronic fund transfer" to include transfers "initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape"). Therefore, the complaint is dismissed as to Defendant Chase. Plaintiff is given leave to amend his complaint only if he has evidence of unauthorized electronic withdrawals from his Chase account within the twelve months prior to his complaint being filed or some other non-frivolous basis to argue that Chase violated federal law.[4]

### *Green Dot's Motion to Stay Proceedings and Compel Arbitration*

Green Dot has filed a motion to stay proceedings and compel arbitration, Doc. 47, which is still being briefed. But the question as to whether this Court has subject matter jurisdiction over this action should be answered first. *See Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 659

---

[4] Plaintiff has repeatedly argued that Chase's motion to dismiss must be disregarded because it did not come within twenty-one days of service and Chase was therefore in default. *See, e.g.*, Doc. 109, 102. However, no default judgment was entered under Federal Rule of Civil Procedure 55. Moreover, given that the complaint did not state a valid federal claim against Chase, this Court did not have the subject matter jurisdiction to enter default judgment. And, regardless of any filing by Chase, this Court has the independent obligation to screen complaints under 28 U.S.C. § 1915(e)(2)(B) to ensure they state claims upon which relief may be granted.

(7th Cir. 2006) ("The FAA does not provide subject matter for any dispute; as a result, 'there must be diversity of citizenship or some other independent basis for federal jurisdiction to address an arbitration dispute.'"). The records submitted by Plaintiff for Green Dot show that he complains about transactions from January 2021 to May 2022 and that no transaction dispute form was filed until June 2024. Therefore, this action appears to be untimely, and the complaint is dismissed as to Defendant Green Dot. Plaintiff is given leave to amend his complaint only if he has evidence of unauthorized withdrawals from his Green Dot account within the twelve months prior to his complaint being filed or some other non-frivolous basis to argue that Green Dot violated federal law.

## CONCLUSION

The complaint in this matter is dismissed as to all Defendants, without prejudice. Plaintiff may file an amended complaint by June 10, 2025, if he believes he can cure the deficiencies this Court has identified. Because Plaintiff's claims against each defendant are based upon unauthorized withdrawals from different accounts, made at different times, found to be legitimate pursuant to different investigations at different financial institutions, any amended complaint must make separate allegations against each defendant. To be clear what is required: If Plaintiff believes that he has a valid claim under federal law, he needs to explain why with respect to each defendant, separately. To the extent Plaintiff's claim involves some impropriety with an investigation conducted by a defendant, Plaintiff must allege enough to establish that he made a report of an error to that particular defendant and then explain why he believes the subsequent investigation violated his rights under the EFTA. *See* 15 U.S.C. § 1693f(a). To the extent Plaintiff is claiming that he should be reimbursed for unauthorized withdrawals from his account, he must appropriately plead that violation of the EFTA. If Plaintiff believes that he has state law claims (for breach of contract or otherwise), he must explain what state law claims he is bringing against each defendant and why he believes he is entitled to relief. For example, if Plaintiff is seeking to bring a breach of contract claim, he must explain what contract he is referring to and what portion of the contract was breached. Plaintiff has previously argued that his pleadings, taken together, state a valid claim. *See* Doc. 81 at 2 ("Plaintiff's complaint, coupled with the legal memorandum (Dkt. 46) more than satisfies" the 12(b)(6) standard). However, his amended complaint must state a valid claim standing on its own, without reference to any other document, and must be clearly labeled as an amended complaint.

Finally, a note to Plaintiff: Block has alleged that Plaintiff's complaint is frivolous and brought only to harass Defendants, pointing out that several of Plaintiff's challenged account withdrawals appear, on their face, to have been legitimate. The EFTA provides that if the Court finds that Plaintiff's action was brought in bad faith or for the purposes of harassment, Plaintiff shall be ordered to pay Defendant's attorney's fees and costs. 15 U.S.C. § 1693m(f). Plaintiff is encouraged to consider his own potential liability to Defendants when deciding whether and how to amend his complaint.

Dated: May 20, 2025

_____
APRIL M. PERRY
United States District Judge